# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROCKY SAMAS, | : | |
|     Petitioner, | : | PRISONER CASE NO. |
| | : | 3:10-CV-422 (JCH) |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | JANUARY 19, 2011 |
|     Respondent. | : | |

**RULING RE: MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 [Doc. No. 2] AND MOTION TO AMEND THE MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE [Doc. No. 11]**

On March 19, 2010, petitioner Rocky Samas filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. ("Petition," Doc. No. 2). On March 29, 2010, this court ordered the respondent to show cause as to why the requested relief should not be granted. On September 16, 2010, the government responded to the court's Order to Show Cause. (Doc. Nos. 15, 16). At that time, the government conceded that Samas' section 2255 petition should be granted with respect to Samas' claim that his prior state drug convictions do not qualify as predicate offenses for second offender enhancement. The court agrees. The court orders Samas to be resentenced without regard to the second offender enhancements imposed at his original sentencing pursuant to 21 U.S.C. §§ 841(b)(1) and 851.

**I.    BACKGROUND**

On January 14, 2004, a federal grand jury indicted Samas on five different counts of possession and distribution of narcotics. United States v. Samas, 3:04-CR-5, Doc. No. 8. On January 27, 2004, the government filed a second offender information pursuant to 21 U.S.C. § 851. Samas, 3:04-CR-5, Doc. No. 11. The second offender enhancement increased the statutory minimum term of imprisonment for Counts Two,

Three, and Five from five to ten years. The enhancement also increased the statutory minimum term of imprisonment for Counts One and Four from ten to twenty years. The information relied upon a Connecticut Superior Court conviction on October 6, 2000 for the Sale of Narcotics, in violation of Connecticut General Statutes § 21a-277(a).

On November 8, 2004, shortly before Samas entered his guilty plea, the government filed an additional second offender information, this time relying on Samas' conviction in Connecticut Superior Court on August 31, 1999 for Possession of Narcotics, in violation of Connecticut General Statutes § 21a-279(a). Samas, 3:04-CR-5, Doc. No. 55. The information advised Samas of the same potential increases in statutory mandatory minimums. On November 8, 2004, Samas entered a plea of guilty to Counts Two, Three, Four, and Five of the Indictment. Samas, 3:04-CR-5, Doc. No. 79.

Prior to incorporation of the second offender enhancements, the sentencing court found Samas to have a total offense level of 31 and a criminal history category of IV, resulting in a sentencing guidelines range of 151-188 months. Samas, 3:04-CR-5, Doc. No. 80, Sentencing Tr. 9/21/05, at 10-11. However, the enhancement to Samas' conviction on Count Four carried a statutory minimum sentence of 240 months. The court sentenced Samas to the mandatory minimum term of imprisonment of 240 months on Count Four and to concurrent terms of imprisonment of 151 months for Counts Two, Three, and Five. Samas, 3:04-CR-5, Doc. No. 71. At the sentencing hearing, the court stated that "it is certainly the court's view that the mandatory sentence required here is more than adequate to serve the needs of the sentence dictated by Congress." Samas, 3:04-CR-5, Doc. No. 80, Sentencing Tr. 9/21/05, at 19.

Judgment entered on September 29, 2005. Samas, 3:04-CR-5, Doc. No. 71. Samas appealed his sentence to the Second Circuit Court of Appeals. The Second Circuit affirmed the defendant's sentence on March 24, 2009. United States v. Samas, 561 F.3d 108 (2d Cir. 2009) (per curiam). Samas then filed for a petition for writ of certiorari with the United States Supreme Court. That petition was denied on October 5, 2009. Samas v. United States, 130 S. Ct. 184 (2009). Samas filed a petition for rehearing on October 26, 2009, which was denied on January 11, 2010. Samas v. United States, 130 S. Ct. 1131 (2010).

## II. DISCUSSION

Samas raises three claims in his Petition. First, Samas argues that his prior state drug convictions did not qualify as predicate offenses for second offender enhancement. Petition, at 6. Second, Samas alleges that his attorney provided ineffective assistance of counsel at the change of plea hearing for his most recent offense, United States v. Samas, 3:04-CR-5(JCH). Id. at 6. Third, Samas contends that his attorney on appeal provided ineffective assistance because he failed to argue that Samas' prior state drug convictions were not predicate offenses under the second offender enhancement statute. Id. at 7. The court addresses each claim in turn.

### A. Claim 1: State Narcotics Convictions Did Not Qualify as Predicate Offenses

Samas argues that his prior state criminal convictions involved violations of Connecticut drug statutes that criminalize conduct that is covered by the federal second offender provision and conduct that falls outside of the second offender provision, and therefore the convictions cannot categorically qualify as predicate offenses. Samas further contends that the basis for his state criminal convictions cannot be narrowed to

-3-

conduct covered by the second offender statute by applying a modified categorical approach, because the charging documents never specified the drug involved and the pleas were entered pursuant to North Carolina v. Alford, 400 U.S. 25, 37 (1970). The government agrees with both arguments and concedes that Samas should be accorded relief on the first claim of his section 2255 motion. Gov't Resp., at 8.

1. Whether Samas' Predicate Offenses May Be Established by a Pure Categorical Approach

If an individual violates 21 U.S.C. § 841(b)(1)(A), and that individual commits the violation "after a prior conviction for a felony drug offense," that individual will be subject to a mandatory minimum term of imprisonment of twenty years. Similarly, if an individual commits a violation of section 841(b)(1)(B), and that individual commits the violation "after a prior conviction for a felony drug offense," that individual will be subject to a mandatory minimum term of imprisonment of ten years.

For a prior state criminal drug conviction to qualify as a predicate offense under 21 U.S.C. §§ 841(b)(1), 851, it must have been a "felony drug offense." The term "felony drug offense" means "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44). These four classes of compounds are defined at 21 U.S.C. § 802(17) (narcotic drugs), 21 U.S.C. § 802(16) (marihuana), 21 U.S.C. § 802(41)(A) (anabolic steroids), and 21 U.S.C. § 802(9) (depressant or stimulant substances).

At issue in this Petition is whether Samas' prior convictions under Conn. Gen. Stat. §§ 21a-277(a) and -279(a) constitute felony drug offenses that validly triggered

-4-

increases in his mandatory minimum sentence.  In order to determine whether Samas' prior convictions can be used as categorical proof of prior felony drug offenses, the court must determine whether Conn. Gen. Stat. §§ 21a-277(a) and -279(a) criminalize any conduct that is not covered by the federal definition of "felony drug offense."  If so, then convictions under Conn. Gen. Stat. §§ 21a-277(a) and -279(a) cannot provide categorical proof of commission of a "felony drug offense," because a defendant could be found guilty of violating either Connecticut statute without committing a "felony drug offense."

Both of the Connecticut narcotics statutes under which Samas was previously convicted, Conn. Gen. Stat. §§ 21a-277(a) and -279(a), criminalize conduct involving two obscure drugs: thenylfentanyl and benzylfentanyl.  See Conn. Agencies Regs. §§ 21a-243-7(a)(10) and -7(52).  Thenylfentanyl and benzylfentanyl are both "analogs of fentanyl," 50 Fed. Reg. 43698 (Oct. 29, 1985), and fentanyl itself is a well-known opiate. See, e.g., 50 Fed. Reg. 8104-01 (Feb. 28, 1985) (referring to fentanyl as "a Schedule II opiate"); Nat'l Inst. Of Health, Fentanyl – Drugs of Abuse and Related Topics, http://drugabuse.gov/drugpages/fentanyl.html (last visited Dec. 9, 2010) ("Fentanyl is a powerful synthetic opiate analgesic similar to but more potent than morphine.").

The definition of "felony drug offense" includes illegal conduct relating to "narcotic drugs."  Narcotic drugs include "[o]pium, opiates, derivatives of opium and opiates . . . ." 21 U.S.C. § 802(17) and (44). Thenylfentanyl and benzylfentanyl initially appear to fall within the definition of "narcotic drug," as they are both "derivatives" of an opiate. However, this conclusion is complicated by the statutory definition of "opiate."  The term opiate is limited to "any drug or other substance having an addiction-forming or

addiction-sustaining liability similar to morphine or being capable of conversion into a drug having such addiction forming or addiction-sustaining liability." 21 U.S.C. § 802(18). The federal Drug Enforcement Administration allowed thenylfentanyl and benzylfentanyl to expire from the temporary federal schedule of controlled substances in 1986 because it determined that both drugs were "essentially inactive, with no evidence of abuse potential." 75 Fed. Reg. 37295-02 (June 29, 2010). Neither drug "has an addiction-forming or addiction-sustaining liability similar to morphine." Id. Because both compounds are pharmacologically inactive, neither compound can qualify as an "opiate." Nor can thenylfentanyl or benzylfentanly be considered "derivatives of opium and opiates," because Congress does not appear to have intended to include drugs without addiction-forming capacity in its definition of "narcotic drug[s]." See 21 U.S.C. §§ 802(17), (18).

Because thenylfentanyl and benzylfentanyl are not "narcotic drug[s]" as that term is defined in section 802(17), a predicate "felony drug offense" under section 841(b)(1) does not include all of the conduct covered by the Connecticut criminal statutes of which Samas was convicted of violating, Conn. Gen. Stat. §§ 21a-277(a) and -279(a). As a consequence, Samas could have been convicted under these two Connecticut criminal statutes for conduct that does not qualify as a predicate offense under 21 U.S.C. §§ 851, 841(b)(1), and 802(44). Thus, the government could not have established Samas' commission of a prior felony drug offense by categorical reference to Samas' prior convictions under Conn. Gen. Stat. §§ 21a-277(a) and -279(a).[1]

---

[1] The government relies on three prior cases decided in the District of Connecticut for much of its analysis. See United States v. Lopez, 536 F. Supp. 2d 218, 221-23 (D. Conn. 2008); United States v. Madera, 521 F. Supp. 2d 149, 154-57 (D. Conn. 2007); United States v. Cohens, 2008 WL 3824758, *2

2. Whether Samas' Predicate Offenses May Be Established By a Modified Categorical Approach

To determine whether Samas' particular convictions qualify as section 851 predicate offenses, the court must pursue the modified categorical approach authorized in United States v. Shepard, 544 U.S. 13 (2005). Shepard permits the court to examine the "charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented," id. at 16, to determine whether a defendant's particular conviction qualifies as a predicate offense for a sentencing enhancement.

Here, none of the available sources reveal which drugs were involved in Samas' prior state criminal convictions. Samas' convictions on August 21, 1999 and October 6, 2000, were both charged via short-form informations that did not specify the drug involved, and each conviction was recorded in a non-specific judgment. Gov't Response, Ex. 2, 3. At Samas' prior plea proceedings, the state prosecutor did not specify the type of drug to which Samas plead guilty, and the type of drug was not specified in the description of the factual basis for the plea prior to the Samas' guilty pleas. Gov't Response, Ex. 4, at 1; Ex. 5, at 1, 11, 13-14.

Moreover, Samas plead guilty to the two charges under United States v. Alford. Gov't Response, Ex. 4, at 1-2; Ex. 5, at 13-14, 21. If a defendant's prior convictions were entered as Alford pleas, the court cannot rely on the iteration of facts from the

---

(D. Conn. 2008). In Lopez, Madera, and Cohens, the District Court determined that (1) the Connecticut narcotics statutes cover conduct involving thenylfentanyl and benzylfentanyl, (2) these two compounds are not found on the federal list of "controlled substance[s]," 21 U.S.C. § 802(6), (3) completion of a "serious drug offense" under the Armed Career Criminal Act must involve a compound on the federal list of controlled substances, 18 U.S.C. § 924(e)(2). The court notes that the schedule of "controlled substances" implicated in a "serious drug offense" is different than the list of drugs involved in a "felony drug offense." While this court ultimately reaches a similar result to these three cases, the government's reliance on these cases is misplaced.

plea colloquies for those convictions.  See United States v. Savage, 542 F.3d 959, 966 (2d Cir. 2008) ("Because [the defendant] entered an Alford plea in which he refused 'to admit his participation in the acts constituting the crime,' . . . [the defendant] did not, by design, confirm the factual basis for his plea.").

For the foregoing reasons, the government cannot demonstrate that Samas' state criminal convictions constituted predicate offenses for the purposes of the second offender enhancements.  As a consequence, Samas is entitled to be resentenced to determine what sentence the court would have imposed absent the minimum sentence required by the second offender enhancements imposed.

B.     Claim 2: Ineffective Assistance of Counsel at Change of Plea Hearing

Samas' second claim has two parts.  Samas first argues that his attorney before the District Court was "heavily medicated due to 'personal issues'" and therefore "unable to represent" Samas effectively.  Petition, at 7.  Samas fails to articulate any failing or error on the part of his counsel.  See id.  To prevail on a claim on ineffective assistance of counsel, a defendant must establish that his counsel's performance "fell below an objective standard of reasonableness" and a reasonable probability that counsel's errors actually prejudiced the defendant.  Strickland v. Washington, 466 U.S. 668, 688, 694 (1984); United States v. Brown, 623 F.3d 104, 112 (2d Cir. 2010).  Because Samas has not presented any evidence of error by his counsel before the District Court, he has failed to establish either of the requirements of Strickland.  Therefore, the first aspect of Samas' second claim is denied.

The second part of Samas' second claim asserts that he received ineffective assistance of counsel in criminal proceedings in Connecticut Superior Court that

resulted in his October 6, 2000 conviction. Section 2255 petitions may not be used to collaterally attack underlying predicate convictions on the grounds of ineffective assistance of counsel. See Daniels v. United States, 532 U.S. 374, 377, 381-384 (2001) (holding that prior state conviction used to enhance federal sentence under the Armed Career Criminal Act may not be collaterally attacked in section 2255 proceeding on grounds that counsel rendered ineffective assistance of counsel in the prior state proceeding). Moreover, this aspect of the second claim appears to request the same relief already granted as to Samas' first claim – specifically, resentencing without imposition of the second offender enhancements. This second part of the second claim is terminated as moot.

C. Claim 3: Ineffective Assistance of Counsel on Appeal

Samas' third claim is that his appellate counsel failed to argue that the second offender enhancements were defective. Because Samas' third claim seeks the same relief already granted as to his first claim – specifically, resentencing without imposition of the second offender enhancements – the court denies the third claim as moot.

III. **CONCLUSION**

Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 **[Doc. No. 2]** is **GRANTED**. Petitioner's Motion to Amend the Motion to Vacate, Set Aside, or Correct his Sentence **[Doc. No. 11]** is **GRANTED**. The issues raised in that Motion to Amend will be addressed at the resentencing. In accordance with section 2255(b), the court will resentence Samas on February 26, 2011. The Clerk is directed to close the civil case, Samas v. United States, 3:10-CV-422 (JCH).

**SO ORDERED.**

Dated at Bridgeport, Connecticut, this 19th day of January, 2011.

                                             /s/ Janet C. Hall_____
                                            Janet C. Hall
                                            United States District Judge